UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| UNITED STATES OF AMERICA, | CRIMINAL ACTION NO. 5:17-32-KKC |
|---|---|
| Plaintiff, | |
| V. | OPINION AND ORDER |
| EASA S. EQAL, | |
| Defendant. | |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on a motion (DE 65) by defendant Easa Eqal to exclude all evidence of certain other wrongs or acts committed by him and also to exclude any statements from or references to his interview with law enforcement officers.

Eqal is charged with one count of receiving child pornography in violation of 18 U.S.C. § 2252(a)(2) and one count of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).

With this motion, Eqal asks the Court to exclude evidence of other acts by him under Federal Rule of Evidence 404(b). That rule provides that the government may not introduce evidence of other acts by a defendant to prove the person acted in accordance with his character on a particular occasion. Fed. R. Evid. 404(b)(1). Such evidence is, however, admissible for other purposes such as proving intent, knowledge or absence of mistake. Fed. R. Evid. 404(b)(2).

The evidence at issue consists of evidence that Eqal stole underwear from luggage while working as a baggage handler at Bluegrass Airport. Eqal argues this evidence is unrelated to the crime at issue and will confuse or inflame the jury. Eqal also moves to exclude evidence that he had sexual interactions with underage individuals in chat rooms and/or in

person. He argues these allegations are unrelated to the crimes he is charged with and ignores that he was also underage at the time. Thus, they have no probative value.

The United States asserts that it will not introduce the evidence at issue unless Eqal is permitted to introduce evidence of his diagnosis with Autism Spectrum Disorder as a defense to the charges. At a pretrial conference on April 16, 2018, the Court ruled that it would not permit the defense to introduce evidence of Eqal's autism diagnosis at trial because such evidence is irrelevant to the elements of the crimes he is charged with committing.

For count 1 of the indictment – the "receiving charge"— the government must prove:

> First: That the defendant knowingly received a visual depiction as alleged in the indictment.
> Second: That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct.
> Third: That the visual depiction was of a minor engaging in sexually explicit conduct.
> Fourth: That the defendant knew that the visual depiction was of a minor engaging in sexually explicit conduct.
> Fifth: That the visual depiction was received using any means of interstate or foreign commerce or contained materials that had been mailed or shipped or transported in interstate or foreign commerce by any means including computer.

Sixth Circuit Pattern Jury Instruction No. 16.05.

For count 2 of the indictment – the possession count – the government must prove:

> First: That the defendant knowingly possessed a computer and hard drives that contained a visual depiction as alleged in the indictment.
> Second: That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct.
> Third: That the visual depiction was of a minor engaging in sexually explicit conduct.
> Fourth: That the defendant knew the visual depiction involved a minor engaging in sexually explicit conduct.
> Fifth: That the visual depiction had been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or

was produced using material that had been transported in interstate or foreign commerce.

Sixth Circuit Pattern Jury Instruction No. 16.06.

The evidence offered by the defense regarding Eqal's diagnosis may be relevant to why Eqal would have committed the acts charged or why he would not have found the acts to be wrong. (DE 60, Fourth Motion to Continue Trial.) The evidence is not, however, relevant to any element of the crimes charged. As the Court explained at the pretrial, such evidence may become more relevant at sentencing in the event of a conviction.

Because the defense will not be permitted to introduce evidence of Eqal's diagnosis as a defense to the charges, the government will not introduce evidence of the other acts at issue. Accordingly, Eqal's motion to exclude evidence of the other acts will be granted. If the government should determine that evidence of the other acts becomes relevant during trial, it should approach the bench for permission to introduce such evidence.

As to Eqal's motion to exclude any statements from or references to his interview with law enforcement officers, he argues that the interview was "intrinsically enmeshed" with his polygraph examination. Thus, Eqal argues, introducing evidence of his statements will necessarily mean the introduction of evidence of his polygraph examination. The United States responds that Eqal's interview with Task Force Officer Kathryn Reed took place in a separate room from the polygraph and without the polygrapher present. The United States asserts that "there is no reason a polygraph would be mentioned or that a jury would infer the existence of one in connection with this interview." The United States also states it intends to present the testimony of the FBI polygrapher William Kline, who will testify as to statements made before and after the polygraph examination but not to anything that occurred during the examination.

The Court will deny the motion based upon the United States' representations that introduction of any statements made by Eqal during the interview with Officer Reed and statements to FBI polygrapher Kline before and after the examination will not reveal the content, result or existence of the polygraph examination. The United States should not identify Kline to the jury as an FBI polygrapher.

For these reasons, Eqal's motion (DE 65) to exclude evidence of other acts and statements made by him to law enforcement officers will be GRANTED in part and DENIED in part as follows:

1) The motion is GRANTED as to evidence of the other acts discussed above; and
2) The motion is DENIED as to Eqal's statements made to Officer Reed and Kline to the extent that such statements do not identify the content, result, or existence of Eqal's polygraph examination.

Dated July 26, 2018.

*Karen K. Caldwell*

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY