UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| UNITED STATES OF AMERICA, | CRIMINAL ACTION NO. 5:17-32-KKC |
|---|---|
| Plaintiff, | |
| V. | **OPINION AND ORDER** |
| EASA S. EQAL, | |
| Defendant. | |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on a motion by defendant Easa Eqal to dismiss the first count of the indictment (DE 69). That count charges Eqal with *receiving* child pornography in violation of 18 U.S.C. § 2252(a)(2). He is also charged in the second count of the indictment with *possessing* child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).

Eqal argues that the statute is unconstitutional, both on its face and as applied to him. He points out that the statute criminalizes the knowing possession, receipt and distribution of child pornography. 18 U.S.C. §§ 2252(a)(2), (4)(B). The penalty for receipt and distribution is a minimum of five years imprisonment. 18 U.S.C. § 2252(b)(1). In contrast, there is no minimum penalty for simple possession. 18 U.S.C.A. § 2252(b)(2). Eqal argues that the receipt of child pornography should be punished the same as the possession of it because, in the vast majority of cases, possession and receipt of child pornography consist of the same conduct.

Eqal argues that the choice by prosecutors whether to charge a defendant with receipt or possession of child pornography is arbitrary and permits the "singling out of some defendants for harsher treatment." (DE 69, Motion at 4.) Eqal argues that it is "doubly irrational" to charge a person like him with receipt instead of possession because he has a

development disability that impairs his ability to understand the wrongfulness of his behavior.

The Sixth Circuit has rejected Eqal's argument and this Court is bound by that decision. In *United States v. Dunning*, 857 F.3d 342 (6th Cir. 2017), the defendant had also argued that "there is no difference between 'receipt' and 'possession,' and 18 U.S.C. § 2252 therefore allows law enforcement to arbitrarily enforce the law." *Id*. at 349. The Sixth Circuit determined, however, that "there is at least one difference between the two: a person who produces child pornography has not received it." *Id*.

The court recognized that prosecutors would often have the choice of whether to charge a defendant with receipt or possession of images but that "this is nothing more than permissible prosecutorial discretion." *Id*. Of course a prosecutor's decision regarding which charges to bring against a defendant cannot be based on "unjustifiable standards such as race, religion, or other arbitrary classifications." *Id*. There is no allegation in this case, however, that the prosecutor's decision to charge Eqal with receipt instead of possession of the images at issue on Count 1 was based on such unjustifiable standards.

The Sixth Circuit has also held that, "while possession of child pornography is generally a lesser-included offense of receipt of child pornography, conviction under both statutes is permissible if separate conduct is found to underlie the two offenses." *United States v. Dudeck*, 657 F.3d 424, 430 (6th Cir. 2011). Accordingly, at trial the United States will have to prove that separate conduct underlies the receipt charge in count 1 and the possession charge in count 2.

For all these reasons, the Court hereby ORDERS that Eqal's motion to dismiss Count 1 of the indictment is DENIED.

Dated July 27, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY